# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-03129-01-CR-S-SRB |
| KEVIN GRANT MCMILLAN, | ) |
| Defendant. | ) |

## **ORDER**

After the United States moved for pretrial detention, a hearing was held in this matter pursuant to 18 U.S.C. § 3142(f). The defendant was present personally and was represented by counsel Jason Coatney, attorney at law. The United States was represented by Ami Miller, Assistant United States Attorney.

An indictment has been returned alleging that the defendant committed an offense involving a minor victim. There exists therefore a rebuttable presumption that there are no conditions which would reasonably assure appearances at all proceedings, as required, and the safety of other persons and/or the community. *See* 18 U.S.C. § 3142(e)(3)(E). Based on the evidence presented at the hearing, there are no conditions that the Court can impose that would reasonably assure the defendant's appearance at all scheduled hearings and the safety of other persons or the community.

The factors to be considered by the Court in determining whether the defendant should be detained pending trial are enumerated in section 3142(g). The Court has already noted that this case involves a minor victim. The evidence at the detention hearing established that the weight of the evidence against the defendant is overwhelming.

Regarding the potential for failure to appear, the Court notes the nature of the instant offense charged and defendant's unknown substance abuse history, unknown mental health history, unknown home plan, and unknown family ties to the charging district or elsewhere. The Court notes defendant's lack of verifiable community ties through past employment or property ownership (not limited to the district of arrest). The Court also notes defendant's criminal history which includes pending charges, record of failures to appear for court, and use of an alias.

Regarding potential danger to the community, the Court notes the nature of the instant offense and defendant's unknown substance abuse history and unknown mental health history. The Court notes that the charge involves a child, a sex offense, and use of a computer to facilitate the alleged offense. The Court further notes defendant's criminal history which includes, but is not limited to, the following: prior felony and misdemeanor arrests and convictions; violent behavior history; criminal activity while under supervision; history of probation non-compliance; charge involving domestic violence; history of weapons use; and, current Order of Protection.

The Court also notes safety concerns for the community and the minor victims in the instant case. The evidence at the detention hearing established that defendant and a

co-defendant exchanged nude photographs of a minor victim that defendant had also engaged in sexual contact with. Messages between defendant and another co-defendant included conversations in which the two discussed having sexual contact with children, having children together, and impregnating the children.

Based on all the foregoing, the Court finds by a preponderance of the evidence that the defendant is a risk of flight and finds by clear and convincing evidence that the defendant is a danger to the community.

**IT IS THEREFORE ORDERED** that the defendant be and is hereby detained without bail.

**IT IS FURTHER ORDERED** that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

**DATED: December 3, 2020**

           /s/ *David P. Rush*
          **DAVID P. RUSH**
          **United States Magistrate Judge**